IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SEARS PETROLEUM & TRANSPORT
  CORP., *et al.*,

                    Plaintiffs,

                                        Civ. Action No.
                                        5:03-CV-1120 (DEP)

          vs.

ARCHER DANIELS MIDLAND COMPANY,
  *et al.*,

                    Defendants.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

DUANE, MORRIS LAW FIRM          WILLIAM R. HANSEN, ESQ.
380 Lexington Avenue
New York, NY 10168

WALL, MARJAMA LAW FIRM          INDRANIL MUKERJI, ESQ
101 South Salina Street
Suite 400
Syracuse, NY 13202

FOR ADM DEFENDANTS:

KIRKPATRICK & LOCKHART, LLP     TARA C. CLANCY, ESQ.
75 State Street
Boston, MA 02109

KIRKPATRICK & LOCKHART, LLP     ANTHONY H. HANDAL, ESQ.
599 Lexington Ave.
New York, NY 10022-6030

HISCOCK & BARCLAY, LLP          JOHN D. COOK, ESQ.
Financial Plaza
221 South Warren Street
Syracuse, NY 13221-4878

FOR MLI DEFENDANTS:

HEDMAN, COSTIGAN LAW FIRM      ALAN B. CLEMENT, ESQ.
1185 Avenue of the Americas     JOHN F. VOLPE, ESQ.
20th Floor
New York, NY 10036-2646

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>DECISION AND ORDER</u>

Plaintiff Sears Petroleum & Transport Corporation ("Sears

Petroleum") and one of its affiliates, Sears Ecological Applications Co.,

LLC ("SEACO") (collectively, "Sears"), have commenced this action

against several defendants alleging infringement of two separate patents

involving de-icing agents.  In its complaint, Sears alleges that the

defendants' manufacture and sale of a line of de-icing products marketed

under the "Caliber" label infringes the claims set forth within its two

patents.

In response to plaintiffs' complaint MLI Associates, LLC ("MLI"), one

of the several defendants named by the Sears parties, has moved seeking

dismissal of plaintiffs' claims against it, based both upon lack of personal

2

jurisdiction and for failure to state a cause of action as against that defendant.  Because I find that plaintiffs' complaint, when construed in a light most favorable to them, sufficiently states a cause of action against MLI, dismissal of the Sears parties' claims against that defendant at this early procedural juncture is unwarranted.  I further find that plaintiffs have adequately established a *prima facie* basis for the court's exercise of jurisdiction over MLI, and that they should be afforded an opportunity to engage in discovery regarding personal jurisdiction before a final determination is made with respect to that issue.

## I.    BACKGROUND[1]

Central to the infringement claims in this action are two separate patents, United States Patent No. 6,299,793 (the "'793 Patent") entitled "Deicing Solution", issued on October 9, 2001 and assigned to Sears Petroleum, and United States Patent No. 6,582,622 (the "'622 Patent") also entitled "De-icing Solution", issued on June 24, 2003 to Sears Petroleum.  Those patents grow out of development by Sears and one of its principals, David Wood, with the aid of Robert Hartley, a Canadian

---

[1]     In light of the current procedural posture of the case, the following recitation has been drawn principally from plaintiffs' amended complaint, as augmented by the plaintiffs' submissions regarding jurisdiction.  *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, 513 U.S. 816, 115 S. Ct. 73 (1994).

chemist retained to assist them, of an improved roadway de-icing agent

lacking certain undesirable characteristics linked to previously available

commercial products, many of which were derived from agricultural

wastes and residues.

At some time in or prior to October of 2001, Sears became aware of

efforts to market a Caliber brand of de-icing products which included, as

constituents, an aqueous solution comprised of corn syrup and

magnesium chloride.  Following issuance of the '793 patent, Sears

Petroleum directed its counsel to contact defendant Minnesota Corn

Products ("MCP"), an entity allegedly involved, together with Glacial

Technologies ("GT"), also a defendant in the case, in development of the

Caliber product to advise it of the issuance of the '793 patent and its belief

that the Caliber product infringed the claims of that patent.[2]  MCP

responded by letter dated October 30, 2001 from its patent counsel,

outlining its position that the '793 patent claims do not cover the Caliber

product, and that in any event the '793 patent claims are invalid.

Following unsuccessful efforts to negotiate a license under the '793 patent

with MCP and its affiliate, GT, for their Caliber products and an agreement

---

[2]     According to plaintiff's amended complaint, MCP merged into defendant
Archer Daniels Midland Company ("ADM") in September of 2002.

4

to jointly market Caliber and SEACO's Ice-Be-Gone II product, and upon

learning that GT was planning to introduce Caliber into the New England

market, Sears commenced this action alleging defendants' infringement of

the '793 and '622 patents.

II.    PROCEDURAL HISTORY

Plaintiffs commenced this action on September 12, 2003, and on

November 3, 2003 filed an amended complaint as a matter of right.  Dkt.

Nos. 1, 5.  In its complaint, as amended, plaintiff has named several

defendants including 1) ADM, a Delaware corporation with its principal

place of business in Decatur, Illinois; 2) MCP, a Minnesota corporation

with a principal place of business in Marshall, Minnesota; 3) Deicer USA,

LLC ("DUSA"), a Minnesota limited liability company with a principal place

of business in Decatur, Illinois, and alleged to be an affiliate of ADM; 4)

MLI, an Ohio limited liability company with its principal place of business in

Columbus, Ohio; and 5) GT, an Ohio limited liability company with a

principal place of business in Melvern, Ohio, and alleged to constitute a

joint venture between DUSA and MLI.

After filing an answer to plaintiff's amended complaint on January

13, 2004, Dkt. No. 14, on March 12, 2004 defendant MLI moved seeking

dismissal of plaintiff's claims against it, arguing both lack of jurisdiction and failure to state a legally cognizable cause of action.[3]  Dkt. No. 32. Sears responded to defendant MLI's motion on April 27, 2004, Dkt. No. 33, and a reply on behalf of MLI to plaintiffs' opposition papers was received by the court on May 5, 2004.  Dkt. No. 37.  Defendant MLI's motion, which was orally argued before District Judge David N. Hurd on May 14, 2004, is now ripe for determination.[4]

III.    DISCUSSION

A.    Personal Jurisdiction

In its motion MLI, which as was previously noted is alleged to be an Ohio limited liability company with a principal place of business in Columbus, Ohio, asserts that this court lacks personal jurisdiction to address plaintiffs' claims against it, and as such seeks dismissal of those claims pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiffs oppose that motion, arguing that under New York's long arm

---

[3]     Since the filing of MLI's motion was preceded by its interposition of an answer, in which both of the defenses now raised were asserted, its motion, though brought under Rule 12(b) the Federal Rules of Civil Procedure, is being treated as seeking judgment on the pleadings pursuant to Rule 12(c). *Federal Commerce & Navigation Co., LTD v. M/V Marathonian*, 392 F. Supp. 908, 916 n. 1 (S.D.N.Y. 1975).

[4]     Since the time of that argument, the parties have consented to my jurisdiction in the matter pursuant to 28 U.S.C. § 636(c).

provisions, personal jurisdiction over MLI lies in this court.

The ultimate burden of establishing jurisdiction over a defendant rests with the plaintiff, and is subject to a preponderance of the evidence standard.  *Gilbert v. Wilson*, 821 F. Supp. 857, 859 (N.D.N.Y. 1993). When presented with a motion such as that now before the court, a court may choose to proceed in one of two ways.  The court may opt to conduct an evidentiary hearing and determine whether the plaintiff has sustained its burden of establishing jurisdiction.  *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981).  Alternatively, the court may choose instead to make a preliminary finding of whether, based upon the parties' submissions, the plaintiff has made a *prima facie* showing of personal jurisdiction through affidavits and supporting materials, leaving to another day the ultimate question of whether the plaintiff can prove the existence of personal jurisdiction by a preponderance of the evidence.  *See Distefano v. Carozzi North Am., Inc.,* 286 F.3d 81, 84 (2d Cir. 2001); *see also Gilbert*, 821 F. Supp. at 859.  If the latter course is followed, at that initial juncture the court must construe all pleadings and affidavits in a light most favorable to the plaintiff, resolving all doubts in his, her or its favor. *See CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986);

*Distefano*, 286 F.3d at 84.

In determining the existence *vel non* of jurisdiction in a federal case where the defendant resides outside of the forum state, a federal court must apply the state's personal jurisdiction rules, absent the existence of a statute authorizing nationwide service of process.[5]  *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004); *see also* Fed. R. Civ. P. 4(k)(1)(A) (a federal court may exercise jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located").  As the Second Circuit has noted,

> [p]ersonal jurisdiction may be exercised [in the federal courts] only when (1) the State's laws authorize service of process upon the defendant and (2) an assertion of jurisdiction under the circumstances of the case comports with the requirements of due process.

*Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 99 (2d Cir. 2000).

In New York, courts are authorized to exercise personal jurisdiction over a defendant who is found to be doing business in the state.  N.Y. Civil Practice Law & Rules ("CPLR") § 301.  When determining whether an

---

[5]     The patent laws, upon which plaintiffs' claims are premised, do not contain such a nationwide service provision.  *Glaxo, Inc. v. Genpharm, Inc.*, 796 F. Supp. 872, 875 (E.D.N.C. 1992).

entity is "doing business" in New York, within the meaning of section 301, a court must consider whether it is "engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in the jurisdiction." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1991) (quoting, *inter alia*, *McGowan v. Smith*, 52 N.Y.2d 268, 272, 419 N.E.2d 321, 323, 437 N.Y.S.2d 643, 645 (1981)).   To assist in that analysis, which is obviously case-specific, a court may choose to consider a variety of potentially relevant factors, including whether 1) the business maintains an office within the state; 2) the entity solicits business within the state; 3) the company maintains bank accounts or owns property within the state; or 4) employees or agents of the foreign defendant are present in the state. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985).

In support of its contention that jurisdiction over MLI in New York is lacking, that defendant submits two declarations of Axel Johnson in which he states that MLI is an Ohio limited liability company with a principal place of business in Columbus, Ohio, is not registered to do business in New York, and has no offices, bank accounts, telephone listings, or property in New York.  Johnson Decl. (Dkt. No. 32) ¶¶ 2-4.  Johnson

further asserts that MLI does not solicit business or advertise products in New York, and that its only contact with New York is "a partnership that is a member of MLI is a New York corporation." *Id.* ¶ 5.  Curiously, Johnson – who acknowledges residing in New York and that MLI is partially owned by the Axel and Ruth Johnson Family Limited Partnership – does not state in his affidavit what, if any, affiliation he retains with the corporation, and specifically whether he is an officer, director, or employee of the company.[6]  *See* Johnson Decl. (Dkt. No. 32) ¶¶ 1-12; Johnson Supplemental Decl. (Dkt. No. 37) ¶¶ 2-3.

When examining whether a corporation is doing business in New York, courts have recognized that "[a] corporation's continuous and systematic exercise of supervisory powers within New York may be the basis for exerting personal jurisdiction over the corporation under CPLR § 301." *Jasselson v. Lasertechnics, Inc.*, No. 96 Civ. 1542, 1997 WL 317355, at *2-*3 (S.D.N.Y. June 12, 1997).  The mere fact that some business is conducted within New York, however, even on the part of a company's CEO, is not sufficient in and of itself to warrant a finding that

---

[6]     No affidavit from MLI's CEO, Richard Sapienza, is submitted by MLI in support of its motion.

the defendant company is doing business within the state.  *Id.*  The relevant inquiry is "not so much a question of where the officers and representatives of the foreign corporation resided but of what they did [there], of the acts they performed [there] for the corporation and in connection with its business."  *Stark v. Howe Sound Co., Inc.*, 141 Misc. 148, 151, 252 N.Y.S. 233, 236 (N.Y. Sup. Ct. 1931).

The Sears parties maintain that MLI does business in New York, within the meaning of section 301, based upon the fact that Axel Johnson, a senior officer of MLI, and Richard Sapienza, its CEO, live and work in New York.  In support of these assertions plaintiffs have submitted a business card utilized by Johnson, who on it is listed as a director of Glacier Technologies, which displays an address for "MLI Associates" in North Babalon, New York.  Plaintiffs' Submissions (Dkt. No. 33) Exh. C. In addition, CEO Sapienza represents on a business card that he works for METSS Corporation, with a New York office located in Shoreham, New York.[7]  Plaintiffs' Submissions (Dkt. No. 33) Exh. D.  In an article which

---

[7]     In response to defendant MLI's motion, plaintiffs have also argued that jurisdiction over MLI is established based upon their assertion that MLI is a subsidiary of METSS Corp., an Ohio corporation with an office in Shoreham, New York, and independently because GT, which sells Caliber in New York, is a department of METSS/MLI and ADM.  Because of my finding that a *prima facie* showing that MLI does business in New York has been made, based upon the presence of two MLI

11

appeared in *New York Newsday*,   CEO Sapienza was quoted as saying

he visits MLI's Ohio offices "once each month for about a week," but has

no plans to move."[8]  Plaintiffs' Submissions (Dkt. No. 33) Exh. E.  On the

basis of these materials, plaintiffs assert that the requirements of CPLR §

301 have been met, thereby enabling this court to exert jurisdiction over

MLI.

      The record now before the court, considered in a light most

favorable to the plaintiffs, reflects that the business activities of Sapienza

and Johnson in New York are more legally significant, for purposes of

examining the question of jurisdiction, than were they merely residing or

present in New York and working on occasion from home or in a New

York satellite office.  The materials submitted by the plaintiffs, which at

this juncture are being accepted as true, reflect the maintenance of

business offices in New York by two key MLI employees, including its

CEO, and the conducting of significant levels of business, at least on the

part of CEO Sapienza, from New York.  By all accounts, CEO Sapienza

_____

officers in New York, and their business activities there, I have not addressed this
alternative basis for asserting jurisdiction over that defendant.

      [8]      It should be noted that Sapienza's activities on behalf of MLI include the
development of anti-icing and de-icing solutions, and that he appears to perform those
activities largely in an office located at his home.  Plaintiffs' Submissions (Dkt. No. 33)
Exh. E.

operates and carries out his business responsibilities out of his home office in New York, with only occasional visits to the corporate headquarters in Columbus, Ohio.

The circumstances involved in this case are similar to those which were presented in *Jasselson*. 1997 WL 317355.  There, the court was called upon to determine whether the defendant corporation was doing business in New York for purposes of section 301, based upon activities of its CEO and Chairman conducted from a New York office.  *Id.* Rejecting an affidavit from the CEO stating that he performs most of his supervisory duties at the company's offices in New Mexico, based upon the fact that discovery had not yet occurred, the court found that plaintiff had established a *prima facie* case of personal jurisdiction, noting that "[t]here could hardly be greater direct control and supervision of a corporation than by its chief executive officer and chairman."  1997 WL 317355, at *3.

As in *Jasselson*, the plaintiffs in this case assert that MLI is essentially run from New York, in large part based upon the extent that Sapienza, its CEO and inventor of various patented de-icing products, works on behalf of the company from his New York residence.  Plaintiffs'

13

allegations, which must be accepted as true and construed in a light most favorable to them given my determination not to hold an evidentiary hearing at this juncture, are sufficient at this stage to support denial of defendant MLI's motion to dismiss for lack of personal jurisdiction.  At an appropriate future point in the litigation, after plaintiffs have had the opportunity to conduct discovery with regard to personal jurisdiction, they of course will be required to establish by a preponderance of evidence, either at trial or following an evidentiary hearing, that the court's jurisdiction in this matter extends to defendant MLI, pursuant to CPLR § 301.

    B.    <u>Failure To State A Cause Of Action</u>

        1.    <u>Rule 12(c) Standard</u>

The portion of defendant MLI's motion which seeks dismissal of plaintiffs' claims against it on the merits is brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which governs the entry of judgment on the pleadings.[9]  When analyzing a Rule 12(c) motion, the

---

[9]    Rule 12(c) provides that:

[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not

court applies the same standard as that which governs motion under Rule 12(b)(6).  *See*, *e.g.*, *Sheppard*, 18 F.3d at 150; *Wynn v. Uhler*, 941 F. Supp. 28, 29 (N.D.N.Y. 1996) (Pooler, J.).  Accordingly, in deciding defendant MLI's motion, I must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff as the non-moving party; when plaintiff's complaint is viewed in that light, I may not order its dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *Sheppard*, 18 F.3d at 150 (citing *Conley*); *Wynn*, 941 F. Supp. at 29 (same).

        2.        Application To The Facts Alleged In Plaintiff's Complaint

        Plaintiff's amended complaint alleges infringement of the '793 and '622 patents through defendants' manufacture and sale of Caliber brand commercial de-icing products.  Amended Complaint (Dkt. No. 5) ¶¶ 24-41.

---

excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c).

15

That complaint also suggests that Caliber is manufactured and sold by GT, "a shell company that is the product of a joint venture by DUSA and MLI[,]" which is controlled and dominated by those companies. *Id.* ¶ 7. These facts, which at this stage must be accepted as true, are sufficient to inculpate MLI, as a parent company, in any infringement of GT since, resolving all ambiguities and drawing all inferences in plaintiff's favor, a finding could be made that MLI controlled the actions of GT was in a position to prevent its infringing conduct. *Welch Allyn, Inc. v. New Image Industries, Inc.*, No. 97-CV-240, 1998 U.S. Dist. LEXIS 6564 (N.D.N.Y. May 5,1998) (Scullin, J).

As a separate, independent basis for finding that plaintiffs have stated a claim against defendant MLI upon which relief may be granted, I note that in their complaint plaintiffs have alleged that each of the defendants is responsible for inducing or contributing to infringement of the two patents in suit. Amended Complaint (Dkt. No. 5) ¶¶ 29, 38. These allegations, if proven, are also sufficient to sustain a cognizable claim under the patent laws against defendant MLI. 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."); *Takeda Chem. Indus., Ltd. v. Watson Pharms., Inc.*, 329

F.Supp.2d 394, 400-01 (S.D.N.Y. 2004).

IV.   <u>SUMMARY AND CONCLUSION</u>

The allegations set forth in plaintiffs' complaint, when construed in a light most favorable to them and with all inferences being drawn in their favor, adequately states a cause of action for patent infringement, including for contributory or inducement of infringement, as against defendant MLI.  That defendant's motion for judgment on the pleadings dismissing plaintiffs' claims against it for failure to state a cause of action will therefore be denied.  Turning to the question of personal jurisdiction, plaintiff's complaint also states a *prima facie* basis for assertion of jurisdiction over MLI under New York's jurisdictional provision relating to entities doing business in New York.  The question of whether plaintiffs will ultimately be able to sustain their burden of establishing a basis for such jurisdiction will have to await discovery on that issue.  Based upon the foregoing, it is hereby

ORDERED as follows:

1)   Defendant MLI's motion for judgment on the pleadings dismissing plaintiffs' complaint as against that defendant for failure to state a cause of action is DENIED.

17

    2)    Defendant MLI's motion to dismiss plaintiffs' complaint as against that defendant, based upon the lack of personal jurisdiction, is DENIED, with leave to renew after plaintiffs have had a reasonable opportunity to conduct discovery on the issue of personal jurisdiction.

Dated:    June 30, 2005
           Syracuse, NY

_____
David E. Peebles
U.S. Magistrate Judge

G:\Civil\2003\03-CV-1120\order2.wpd

18