IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SEARS PETROLEUM & TRANSPORT
  CORP., *et ano.*

                     Plaintiffs,

                                                        Civ. Action No.
    vs.                                              5:03-CV-1120 (DEP)

ARCHER DANIELS MIDLAND COMPANY,
 *et al.*,

                     Defendants.
_____

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFFS:

LATHROP, GAGE LAW FIRM          WILLIAM R. HANSEN, ESQ.
230 Park Avenue                       BERNADETTE REILLY, ESQ.
Suite 1847
New York, New York 10169

DUANE, MORRIS LAW FIRM          JOHN DELLAPORTAS, ESQ.
380 Lexington Avenue
New York, NY 10168

WALL, MARJAMA LAW FIRM          INDRANIL MUKERJI, ESQ
101 South Salina Street
Suite 400
Syracuse, NY 13202

FOR ADM DEFENDANTS:

KIRKPATRICK & LOCKHART, LLP     TARA C. CLANCY, ESQ.
599 Lexington Ave.                CHRIS CENTURELLI, ESQ.
New York, NY 10022-6030

| | |
|---|---|
| HISCOCK & BARCLAY, LLP<br>Financial Plaza<br>221 South Warren Street<br>Syracuse, NY 13221-4878 | JOHN D. COOK, ESQ<br>ROBERT A. BARRER, ESQ. |

FOR MLI DEFENDANT:

| | |
|---|---|
| HEDMAN, COSTIGAN LAW FIRM<br>1185 Avenue of the Americas<br>20th Floor<br>New York, NY 10036-2646 | JOHN F. VOLPE, ESQ. |
| DEVORSETZ, STINZIANO LAW FIRM<br>555 East Genesee Street<br>Syracuse, New York 13202-2159 | TIMOTHY LAMBRECHT, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in connection with this action is a motion filed on behalf of defendants Archer Daniels Midland Company ("ADM"), Deicer, USA, LLC ("Deicer"), Glacial Technologies, LLC ("GT") and Minnesota Corn Processors, LLC ("MCP") (collectively the "ADM defendants") seeking dismissal of counts three and four of plaintiffs' second amended complaint for non-compliance with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, and failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 91. In their motion, the ADM defendants argue that plaintiffs' third cause of action,

2

which alleges fraudulent misrepresentation, is not pleaded with the specificity required under the rules governing federal pleadings, and that both that cause of action and the unfair competition claim set forth in the fourth count are legally deficient.  *See id.*  Defendant MLI Associates, LLC has joined in that motion.  Dkt. No. 92.  Defendants' motions are opposed by plaintiffs Sears Petroleum and Transport Corp. and Sears Ecological Applications Company, LLC.  Dkt. No. 96.

Oral argument in connection with defendants' motions was heard on January 11, 2006.  At the close of argument a bench decision, which is incorporated herein by reference, was rendered granting in part, but otherwise denying, the pending dismissal motions.  Based upon the foregoing, and upon due deliberation, it is hereby

ORDERED as follows:

1)   The motion of defendant MLI Associates, LLC to dismiss plaintiff's third cause of action as against that defendant for failure to plead fraud with the specificity required under Rule 9(b) of the Federal Rules of Civil Procedure is GRANTED, with leave to plaintiffs to replead within thirty (30) days of the date of this order.

2)   The motion of the ADM defendants to dismiss plaintiffs' third cause of action for failure to plead fraud with the requisite degree of

specificity is DENIED.

3) The motions of all defendants seeking dismissal of plaintiffs' fourth cause of action, alleging unfair competition for failure to state a legally cognizable claim, is GRANTED.

4) The defendants' motions to dismiss plaintiffs' third cause of action for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is denied. This denial is without prejudice for the defendants' right to reassert the arguments now raised in support of their motion at a later juncture, including on motion for summary judgment or at trial.

5) The clerk is directed to promptly forward copies of this order to the parties via electronic means.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: January 17, 2006
        Syracuse, NY